IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OFFICER LOUIS PICICCO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05 C 2463 |
| | ) | |
| v. | ) | Wayne R. Andersen |
| | ) | District Judge |
| THE CITY OF CALUMET CITY, | ) | |
| ILLINOIS, a unit of local Government, | ) | |
| and MICHELLE QUALKINBUSH, in | ) | |
| her individual and official capacities as | ) | |
| Mayor of the City of Calumet City, | ) | |
| Illinois, PATRICK O'MEARA in his | ) | |
| individual and official capacity as the | ) | |
| Chief of Police of the City of Calumet | ) | |
| City, Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM, OPINION AND ORDER

This case is before the court on "Plaintiff's Motion to Disqualify James Roche and James Roche and Associates as Counsel for the City of Calumet City and/or Michelle Qualkinbush." For the following reasons, this court denies the motion to disqualify James Roche and any attorneys appearing from his firm as counsel for Michelle Qualkinbush.

## BACKGROUND

In the present litigation, Plaintiff Louis Picicco ("Picicco") alleges violations of his First Amendment rights and malicious prosecution based on alleged adverse employment action by the defendants in relieving Picicco from his duties as a police officer. Prior to the present litigation, plaintiff Donald Pennington Jr. ("Pennington") brought case 04 C 5773, Pennington v. Officer Louis Picicco, and the City of Calumet, Illinois. In that case, Pennington filed a claim against

Picicco and the City of Calumet for alleged use of excessive force and for alleged civil rights violations occurring during a physical altercation in which Pennington allegedly sustained significant injuries.

In case 04 C 5773, James Roche entered an appearance on behalf of Picicco. Roche never filed any type of responsive pleading on behalf of Picicco, and, in fact, never met with, counseled, interviewed, corresponded, or even came into contact with Picicco during his representation of Picicco. Roche's only role in the litigation was in furthering settlement, which was reached approximately 80 days after filing his appearance. As part of the settlement, Picicco was dismissed out of the litigation as a defendant.

This court granted Roche leave to file his appearance for the defendant Qualkinbush in the present litigation on April 18, 2006. Plaintiff's current motion to disqualify was filed on August 31, 2007. In the sixteen months between the filing of Roche's initial appearance and the filing of the Plaintiff's current motion to disqualify, Roche participated in discovery, attended a pre-trial conference, was carbon copied on correspondence sent to all parties, and filed a Motion for Leave to File Answers to Plaintiff's Third Amendment Complaint without Picicco objecting to his appearance on behalf of defendant Qualkinbush. In fact, Plaintiff objected to Roche's filing his Motion for Leave to File Answers to the Third Amended Complaint, but did not object to his appearance in the case at that time.

## DISCUSSION

Plaintiff's "Motion to Disqualify James Roche and James Roche and Associates as Counsel for the City of Calumet City and/or Michelle Qualkinbush" is denied. Under the ABA Model Rules of Professional Conduct, Rule 1.9

2

> [a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Although no such written waiver was obtained from Mr. Picicco, the court notes that attorney disqualification is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir. 1983).

Waiver is a valid basis for denial of a motion to disqualify an attorney. *Chemical Waste Management Inc., v. Sims*, 875 F.Supp. 501, 504 (N.D. Ill. 1995); *Continental Holdings, Inc. v. United States Can Co.*, 1996 WL 385346 (N.D. Ill. 1996) (citing *Alexander v. Primerica Holdings, Inc.*, 822 F.Supp. 1099, 1116 (D.N.J. 1993) (citing cases finding delays of as little as thirteen months to constitute a waiver)). In light of the sixteen month delay in this case between Roche's initial appearance and Picicco's filing of this current motion, this court finds that Picicco has waived his right to file for attorney disqualification.

In addition to this waiver, the court finds that Roche and his firm have expended significant time and effort in representing defendant Qualkinbush over the last sixteen months. Roche asserts that he and his firm have engaged in over 120 hours of work in representing defendant Qualkinbush in this litigation. Disqualification at this point in time would present prejudice to Qualkinbush.

Finally, the court notes that, while both parties agree that Roche was involved in settlement in the underlying litigation involving Pennington, Picicco has presented no information to show that any confidences were exchanged between him and attorney Roche that would prejudice Picicco in this case. In the absence of such evidence, and in light of the fact that

Picicco waited over sixteen months to file the motion to disqualify, we find that Roche's client Qualkinbush would be severely prejudiced if the motion to disqualify was granted.

For these reasons, we deny Picicco's motion to disqualify.

## CONCLUSION

For the foregoing reasons, "Plaintiff's Motion to Disqualify James Roche and James Roche and Associates as Counsel for the City of Calumet City and/or Michelle Qualkinbush" [225] is denied.

It is so ordered.

                                              Wayne R. Andersen
                                              District Judge

Dated: December 3, 2007